**Affirmed and Memorandum Opinion filed June 25, 2015.**



In The

# Fourteenth Court of Appeals

NO. 14-14-00876-CR
NO. 14-14-00877-CR

**JAMES ROBERT WILLIAMS, JUNIOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 12th District Court**
**Grimes County, Texas**
**Trial Court Cause Nos. 16750 and 16432**

## M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to the offenses of continuous family violence (trial court cause number 16750 and appeal number 14-14-00876-CR) and indecency with a child by contact (trial court cause number 16432 and appeal number 14-14-00877-CR). Regarding the offense of family violence, the trial court sentenced appellant to confinement for ten years, suspended, and placed appellant under community supervision for three years. The trial court deferred adjudicating

guilt of the offense of indecency with a child by contact and placed appellant under community supervision for ten years. Subsequently, the State moved to revoke appellant's probation in trial court cause number 16750 and to adjudicate guilt in trial court cause number 16432. A hearing was held.

In trial court cause number 16750, the trial court found one of the State's allegations true and revoked appellant's probation. On October 20, 2014, the trial court sentenced appellant to confinement for two years. In trial court cause number 16432, the trial court found three of the State's allegations true, adjudicated appellant's guilt, and sentenced him to confinement for five years on October 20, 2014. In each case, a timely notice of appeal was filed.

Appellant's appointed counsel filed a brief in each case in which he concludes the appeal is wholly frivolous and without merit. The briefs meet the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807, 811–13 (Tex. Crim. App. 1978).

In each case, a copy of counsel's brief was delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 512 (Tex. Crim. App. 1991). As of this date, no pro se response has been filed in either case.

We have carefully reviewed the record and counsel's brief in each case and agree the appeal is wholly frivolous and without merit. Further, we find no reversible error in the record in each case. We are not to address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

Our review of the record in each case reflects the judgment fails to recite which allegation(s) the trial court found true. However, the record reflects the trial court orally announced which allegations it found true as to each case. Accordingly, we modify the trial court's judgment in trial court cause number 16750 to show the trial court found true the State's allegation numbered 12. We modify the trial court's judgment in trial court cause number 16432 to show the trial court found true the State's allegations numbered 12, 55 and 59. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment in each case.

PER CURIAM

Panel consists of Justices Christopher, Brown and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).